IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERTA LOWE-MCKINNEY<br>1461 Laurel Dr.<br>West Salem, Ohio 44287<br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF LORAIN OHIO<br>226 Middle Ave, Floor 2<br>Elyria, Ohio 44035<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Roberta Lowe-Mckinney, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

### PARTIES AND VENUE

1. Lowe-McKinney is a resident of the city of West Salem, County of Ashland, State of Ohio.

2. Lorain County is a government entity with its principal place of business located at 226 Middle Ave, Floor 2 Elyria, Ohio 44035.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Lowe-McKinney is alleging federal law claims regarding the deprivation of Lowe-McKinney's rights under the Age Discrimination in Employment Act as amended.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5. All material events alleged in this Complaint occurred in Lorain County.

6. Within 300 days of the conduct alleged below, Lowe-McKinney filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC"), Charge No. 532-2020-02571 against Defendant.



7. On or about November 9, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Lowe-McKinney regarding the Charge of Discrimination.

8. Lowe-McKinney received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit 1.

9. Lowe-McKinney filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

10. Lowe-McKinney has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## FACTS

12. Lowe-McKinney is a former employee of Defendant.

13. At all times relevant herein, Defendant employed Lowe-McKinney as a Resident Advisor for Lorain-Medina Community Based Corrections.

14. Defendant hired Lowe-McKinney in or around June 2018.

15. At all times relevant herein, Lowe-McKinney was over the age of 50.

16. At all times relevant herein, Defendant employed Tyree Blakley as a Resident Advisor.

17. At all times relevant herein, Blakley was in his early 30's.

18. Blakley is significantly younger than Lowe-McKinney.

19. At all times relevant herein, Defendant employed Deshawn Young as a Resident Advisor.

20. At all times relevant herein, Young was in his 20's.

21. Young is significantly younger than Lowe-McKinney.



22. At all times relevant herein, Defendant employed Allen Woolf as a Resident Advisor.

23. At all times relevant herein, Woolf was in his 40's.

24. In 2020, Defendant's Resident Advisors were required to complete mandatory online training by May 30, 2020. ("Mandatory Training")

25. Lowe-McKinney, Blakley, Young, and Woolf all completed a portion of the Mandatory Training during work hours.

26. In or around early May, Lowe-McKinney submitted documentation evidencing that she had completed her training. ("Training Paperwork")

27. After Lowe-McKinney submitted the Training Paperwork, she received notice of a disciplinary hearing to be held on May 27, 2020, to discipline Lowe-McKinney for completing the Mandatory Training during work time. ("Hearing Notice")

28. Between the time Lowe-McKinney received the Hearing Notice and the May 27, 2020 disciplinary hearing, Lowe-McKinney completed the remainder of her Mandatory Training at home on her own time.

29. On May 27, 2020, Lowe-McKinney attended the disciplinary hearing.

30. Don Nickerson and Nichole Hepler presided over the May 27, 2020, disciplinary hearing.

31. At all times relevant herein, Defendant employed Nickerson as the Operations Director at the Lorain-Medina Community Based Correctional Facility.

32. At all times relevant herein, Defendant employed Hepler as the Human Resource Representative at the Lorain-Medina Community Based Correctional Facility.

33. At all times relevant herein, Hepler and Nickerson were supervisors for Defendant who were empowered to take tangible employment actions against Defendant's employees.

The Employee's Attorney.™ 

Case: 1:22-cv-00099-JPC Doc #: 1 Filed: 01/18/22 4 of 10. PageID #: 4

34. During the May 27, 2020, disciplinary hearing, Lowe-McKinney, explained to Hepler and Nickerson that she, Woolf, Young, and Blakley completed the Mandatory Training during the night shift when there was little to no activity.

35. During the May 27, 2020, disciplinary hearing, Lowe-McKinney, informed Hepler and Nickerson that following the Hearing Notice, she completed the remainder of the Mandatory Training at home.

36. On June 22, 2020, Nickerson informed Lowe-McKinney that Defendant was terminating her employment for completing the Mandatory Training during work hours.

37. Upon information and belief, Defendant has a progressive disciplinary policy ("Discipline Policy").

38. Upon information and belief, the Discipline Policy calls for escalating levels of discipline for infractions, beginning with a verbal warning, followed by a written warning, and ultimately leading up to termination.

39. Defendant had never issued Lowe-McKinney a verbal warning pursuant to the Discipline Policy.

40. Defendant had never issued Lowe-McKinney a written warning pursuant to the Discipline Policy.

41. Defendant had never issued Lowe-McKinney a final written warning pursuant to the Discipline Policy.

42. Defendant had never issued Lowe-McKinney a suspension pursuant to the Discipline Policy.

43. Defendant's assertion of completing the Mandatory Training during work hours did not actually motivate Defendant's decision to terminate Lowe-McKinney.

4
The Employee's Attorney.™ 

44. Defendant's assertion of completing the Mandatory Training during work hours was insufficient to motivate the termination of Lowe-McKinney.

45. Defendant's assertion of completing the Mandatory Training during work hours was pretext to terminate Lowe-McKinney.

46. Defendant also terminated Woolf for completing the Mandatory Training during work hours.

47. Defendant did not terminate Young or Blakley for completing the Mandatory Training during work hours.

48. Defendant did not terminate significantly younger employees for completing the Mandatory Training during work hours.

49. Defendant terminated Lowe-McKinney based on her age.

50. Defendant's did not proffer a legitimate non-discriminatory reason for terminating Lowe-McKinney.

51. Defendant knowingly skipped progressive disciplinary steps in terminating Lowe-McKinney.

52. Defendant knowingly terminated Lowe-McKinney's employment.

53. Defendant knowingly took an adverse employment action against Lowe-McKinney.

54. Defendant knowingly took an adverse action against Lowe-McKinney.

55. Defendant intentionally skipped progressive disciplinary steps in terminating Lowe-McKinney.

56. Defendant intentionally terminated Lowe-McKinney's employment.

57. Defendant intentionally took an adverse employment action against Lowe-McKinney.

58. Defendant intentionally took an adverse action against Lowe-McKinney.

The Employee's Attorney.™ 

59. Defendant knew that skipping progressive disciplinary steps in terminating Lowe-McKinney would cause Lowe-McKinney harm, including economic harm.

60. Defendant knew that terminating Lowe-McKinney would cause Lowe-McKinney harm, including economic harm.

61. Defendant willfully skipped progressive disciplinary steps in terminating Lowe-McKinney.

62. Defendant willfully terminated Lowe-McKinney's employment.

63. Defendant willfully took an adverse employment action against Lowe-McKinney.

64. Defendant willfully took an adverse action against Lowe-McKinney.

65. Upon information and belief, subsequent to Lowe-McKinney's termination, Defendant replaced Lowe-McKinney with a substantially younger individual.

66. The above facts demonstrate that Defendant engaged in a pattern and practice of age discrimination.

67. There was a causal connection between Lowe-McKinney's age and Defendant's termination of Lowe-McKinney.

68. As a direct and proximate result of Defendant's conduct, Lowe-McKinney suffered and will continue to suffer damages.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT.

69. Lowe-McKinney restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

70. Lowe-McKinney is currently 55 years old.

71. At all times relevant, Lowe-McKinney was a member of a statutorily-protected class under the Age Discrimination in Employment Act.



72. Defendant treated similarly situated, younger employees more favorably than Lowe-McKinney.

73. Defendant treated Lowe-McKinney differently from other similarly situated employees based on her age.

74. As of June 22, 2020, Lowe-McKinney was fully qualified for her position and employment with the Defendant.

75. Lowe-McKinney, at age 55, was a member of a statutorily-protected class under the Age Discrimination in Employment Act at the time she was terminated from her employment with the Defendant.

76. After terminating Lowe-McKinney, the Defendant replaced Lowe-McKinney with a person who was significantly younger and/or not belonging to the protected class under the Age Discrimination in Employment Act.

77. Defendant violated the Age Discrimination in Employment Act by discriminating against Lowe-McKinney based on her age.

78. As a result of Defendant's discrimination against Lowe-McKinney in violation of O Age Discrimination in Employment Act, Lowe-McKinney has suffered mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

79. In its discriminatory actions as alleged above, Defendant acted with malice or reckless indifference to the rights of Lowe-McKinney, thereby entitling Lowe-McKinney to an award of punitive damages.



80. To remedy the violations of the rights of Lowe-McKinney secured by Age Discrimination in Employment Act, Lowe-McKinney requests that the Court award her the relief demanded below.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Roberta Lowe-McKinney demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Lowe-McKinney to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Lowe-McKinney for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys fees and non-taxable costs for Lowe-McKinney claims as allowable under law;

(e) An award of the taxable costs of this action; and



The Employee's Attorney.™

(f)  An award of such other relief as this Court may deem necessary and proper.

          Respectfully submitted,

          */s/ Samuel B. Robb*
          Daniel S. Dubow (0095530)
          Samuel B. Robb (0099035)
          **THE SPITZ LAW FIRM, LLC**
          25200 Chagrin Boulevard, Suite 200
          Beachwood, OH 44122
          Phone: (216) 291-4744
          Fax:   (216) 291-5744
          Email: daniel.dubow@spitzlawfirm.com
                Sam.Robb@spitzlawfirm.com

          *Attorneys For Plaintiff Roberta Lowe-McKinney*



The Employee's Attorney.™

**JURY DEMAND**

Plaintiff Roberta Lowe-McKinney demands a trial by jury by the maximum number of jurors permitted.

                                                                          */s/ Samuel B. Robb*
                                                                          Samuel B. Robb (0099035)

                                                                          *Attorney For Plaintiff Roberta Lowe-McKinney*

