UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERTA LOWE-MCKINNEY, | Case No. 1:22-cv-00099 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Thomas M. Parker |
| LORAIN-MEDINA COMMUNITY BASED CORRECTIONAL FACILITY, | |
| Defendant. | |

**OPINION AND ORDER**

Plaintiff Roberta Lowe-McKinney filed this action on January 18, 2022, alleging discrimination in violation of the Age Discrimination in Employment Act. (ECF No. 1.) Following an unopposed motion, her case was consolidated, for pretrial purposes, with *Woolf v. Lorain-Medina Community Based Correctional Facility*, No. 1:21-cv-02374 (N.D. Ohio). (ECF No. 10.) On October 18, 2022, counsel for Plaintiff moved to withdraw based on Ms. Lowe-McKinney's failure to communicate since approximately mid-August. (*See* ECF No. 16-1, PageID #68.) In the Court's Amended Order, granting counsel's motion to withdraw, it advised that "the deadline for the completion of discovery [in Plaintiff's case] is currently set for October 31, 2022" and that it "will not change that schedule absent a showing of good cause." (ECF No. 19, PageID #74–75.) Nevertheless, Plaintiff failed to provide verified discovery responses and appear for a deposition scheduled for October 31, 2022. (ECF No. 20, PageID #77.) Pursuant to Rule 41(b), Defendant seeks dismissal with

prejudice. (ECF No. 20.) Plaintiff failed to respond. For the reasons that follow, the Court **DISMISSES** this action **WITH PREJUDICE**.

## ANALYSIS

Under Rule 41(b), district courts undeniably have the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). "Unless the dismissal order states otherwise, a dismissal under [that] subdivision . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). District courts receive substantial discretion when exercising this authority. *Knoll*, 176 F.3d at 363. After all, this measure serves "as a tool to effect 'management of [their] docket[s] and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Id.* (citing *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir.1984)).

To determine whether dismissal is appropriate under Rule 41(b), district courts consider four factors: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal" of the action. *Id.*; *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). None of those factors, standing alone, are outcome determinative. *Knoll*, 176 F.3d at 363. Instead, the Court must consider whether, as a whole, "there is a clear

record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir.1980)).

In this case, those factors weigh in favor of dismissal. Regarding factors one and two, Ms. Lowe-McKinney's willful actions—her failure to communicate with counsel, respond to discovery requests, and attend her deposition—prejudiced Defendant. As for the third factor, Lowe-McKinney was not warned that failure to cooperate could lead to dismissal. But the Court's Order granting the motion of her counsel to withdraw all but advised of the dismissal if Ms. Lowe-McKinney failed to cooperate in discovery, and such as a result was certainly foreseeable. Further, Plaintiff refused to participate in this matter for the past four months; therefore, this factor alone does not prevent dismissal. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir.1988)). Finally, though this record presents a close call, the Court considers the lesser sanction of dismissal without prejudice inappropriate based on the record as a whole, the prejudice to Defendant, and Plaintiff's persistent failure to participate in prosecution of her claims.

## CONCLUSION

For the foregoing reasons, the Court exercises its discretion and **DISMISSES** this action **WITH PREJUDICE** pursuant to Rule 41(b). Accordingly, the Court **GRANTS** Defendant's motion. The Court **DIRECTS** the clerk to enter judgment accordingly.

**SO ORDERED.**

Dated: December 5, 2022

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio